PER CURIAM.
Naples Community Hospital, Inc. (Naples) seeks review of an administrative order by which the hearing officer declined to issue a protective order. We grant review pursuant to section 120.68(1), Florida Statutes, because review of a final agency decision would not provide an adequate remedy. Because the hearing officer should have issued a protective order, we quash the order denying the motion for protective order.
Big Cypress Medical Center, Inc. (Big Cypress) applied for a certificate of need (CON) to construct a for-profit 100-bed acute care hospital in Collier County. After the Agency for Health Care Administration gave notice of its intent to deny the application, Big Cypress filed a petition for a 120.57(1) hearing to challenge the intended denial.
Naples filed a petition to intervene in opposition to Big Cypress’ application, asserting it provided the same type of inpatient hospital services which Big Cypress proposes and provides those services to persons in the same service area which Big Cypress seeks to serve. Naples is a subsidiary of Community Health Care, Inc. (CHC), a not-for-profit corporation. CHC’s other health care subsidiaries in Collier County include 17 corporations, which are not parties to this CON proceeding.
Big Cypress filed notices of production from non-parties, with subpoena duces tecum attached, seeking the following records of CHC and the 17 other non-party corporations:
1. A list of your officers, directors and employees for the years 1990-1996.
2. A copy of the salary schedule or other document setting forth salaries and/or other compensation and benefits for all officers, directors, and employees for the years 1990-1996.
8. A copy of your projected and actual budgets for the years 1990-1996.
4. A copy of your audited financial statements for the years 1990-1995. If audited financial statements are not available for 1995, a copy of unaudited financial statements for that year.
Naples moved for a protective order directed at the eighteen notices of production from non-parties, asserting that the documents sought did not relate to any of the issues in the case and were extremely proprietary in nature.
After a hearing on the motion, the hearing officer denied the motion in full, stating that the discovery appeared to be relevant to the subject matter of the pending action. No other findings were made and no limits on disclosure or use of the financial information were imposed. Naples filed a motion seeking reconsideration of the order denying the motion for protective order, which the hearing officer denied.[1]
Naples adequately asserted that the discovery requests were overbroad and involved a serious encroachment on proprietary interests. We conclude that the issues of less intrusive means and protective measures were raised. In fact, counsel for Big Cypress suggested at hearing that the hearing officer could limit disclosure of the information. We also conclude that the hearing officer departed from the essential requirements of law in granting the broad discovery request, and that there is no adequate remedy on appeal.
*64 As noted by Naples, Big Cypress relies on the transfer of general funds to three of the non-party corporations and the exchange of specified services between Naples and four of the nonparty corporations. Big Cypress has not adequately explained how these limited transactions justify delving into all financial aspects of the eighteen non-party corporations. Big Cypress has also not adequately explained how its desire to determine whether executives of Naples are being overcompensated through payments from various non-party corporations justifies disclosure of the names and salaries of every employee of all eighteen non-party corporations. Big Cypress has not explored other methods of discovery to obtain the relevant information or to narrow or reduce the scope of its request.
Although Big Cypress is entitled to some of the requested information, the necessity for the broad discovery requested has not been demonstrated. We therefore quash the order denying the motion for protective order. On remand, the hearing officer should further consider Naples’ objections to the discovery sought and fashion a more narrowly tailored discovery order ensuring Big Cypress access to the information to which they are entitled together with any necessary protective measures.
BARFIELD, C.J., and ERVIN and BENTON, JJ., concur.

. We find it unnecessary to address the hearing officer’s denial of Naples’ motion for reconsideration.